IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL GALLEGOS, | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:05-CV-0029-H |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Court's order in implementation thereof, the subject cause has been referred to the undersigned United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

    **Type Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    **Parties:** Petitioner Manuel Gallegos ("Gallegos" or "Petitioner") is confined at the Ferguson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at Midway, Texas. Respondent is the Director of TDCJ-CID.

    **Statement of the Case:** Gallegos was charged with first degree murder and entered a plea of not guilty in cause number F00-51576-U. The jury found him guilty and sentenced him to a term of fifty years in the penitentiary.

1

Petitioner effected a direct appeal and on May 6, 2002 the Court of Appeals affirmed his conviction. *Gallegos v. State*, 76 S.W.3d 224 (Tex.App. - Dallas 2002, pet. ref'd). Gallegos filed a motion for rehearing which was overruled by the Court of Appeals on June 17, 2002. On October 30, 2002, the Court of Criminal Appeals refused his petition for discretionary review.

Gallegos filed an application for habeas corpus relief pursuant to Tex. Code Crim. Proc. art. 11.07 on September 17, 2003. *Ex. Parte Gallegos,* Appl. No. 58,719-01. The Texas Court of Criminal Appeals denied Petitioner's application without written order the findings of the trial without a hearing on October 20, 2004. *See id.* at cover.

In response to Gallegos's petition and this court's show cause order Respondent filed an answer together with copies of Petitioner's prior state proceedings on March 21, 2005. Gallegos did not file a traverse.

**Findings and Conclusions:** Review of Petitioner's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which in pertinent part provides that a federal court cannot grant relief under § 2254 unless the adjudication of the state prisoner's claim in the state court system "resulted in a decision that involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." § 2254(d)(1) & (2). Further, findings of fact made by a State court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).

In his first ground for relief, Petitioner contends that his trial attorneys were ineffective because they failed to call as witnesses Aldriana Valdez, Jesse Hernandez, and Vito Valdez;

failed to present expert testimony; and failed to call Gallegos as a witness.

An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065. To overcome this presumption a habeas petitioner must establish that the attorney's conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice). Failure to prove either prong of the two part test forecloses relief. *Id* at 694, 104 S.Ct. at 2068.

In order to establish a basis for relief predicated on a failure to call witnesses a petitioner is required to show that their testimony would have been favorable and also that they would have testified at trial. *See, e.g., Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). As a general rule such "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative." *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) *cert. denied* 467 U.S. 1251, 104 S.Ct. 3534 (1984), citing *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978).

Petitioner cannot show prejudice because he did not present affidavits of uncalled witnesses showing their competence, the testimony they would have given, and that they were available to testify on the day in question. *See, e.g.*, *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Petitioner has included numerous affidavits in support of this ground, but none meet those required by *Alexander.* He first includes the affidavit of Jay Williams, a private investigator, as to the verison of the facts told to him by Ms. Valdez. (Mem. in Supp. of Pet.

3

for Writ of Habeas Corpus Exh. H). He next includes the affidavit of Ray Whitley, another private investigator, who attached a transcript of a tape recording of an interview he had had with Mr. Hernandez. (*Id.* at Exh. I). He also included a memo of a prior conversation with Mr. Valdez. (*Id.*). However, these affidavits at most amount to hearsay as to what the witnesses might have said. In addition, none of these affidavits show that any of the potential witnesses would have been available to testify on the day in question.[1]

As has been made clear in numerous decisions of the United States Supreme Court interpreting the provisions of the AEDPA, *see, e.g., Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003), before a federal court may grant habeas corpus relief it must be shown that the State court decision was not only erroneous, but also objectively unreasonable. The Texas trial court and therefore the Texas Court of Criminal Appeals found that Gallegos's counsel's affidavit was true and correct. *Ex Parte Gallegos* at 121, cover. Petitioner's counsel stated in his affidavit that he hired a forensic scientist. Although he does not explicitly state that this is so, the implication is that the information provided by the forensic scientist would not have aided Gallegos at trial. *Id.* at 123-24. Petitioner has not shown a "reasonable probability" that, but for the introduction of his own forensic expert, "the jury would have had a reasonable doubt concerning his guilt." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002)(quoting *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir.1998)). Therefore the decision of the Texas Court of Criminal Appeals was not objectively unreasonable.

---

[1] Ms. Valdez, for instance, refused to sign an affidavit as to the facts she told the private investigator and stated that she did not want to be involved in Petitioner's case. (Mem. in Supp. of Pet. for Writ of Habeas Corpus Exh. H).

Finally, in regards to his own testimony, Petitioner asserts that he would have testified that he did not kill the victim and that he did not chase him down as testified to by Mr. Ayala. As noted *infra*, Petitioner's attorney stated in his affidavit found credible by the Texas Court of Criminal Appeals that Petitioner made the voluntary choice not to testify. In addition, Petitioner cannot show that his failure to testify prejudiced him. During the State's presentation of its case, Gallegos's statement given the morning after the offense was read to the jury. (Reporter's Record v.3 at 48-50). This statement contained the same information that Petitioner asserts that his testimony would have. (*Id.*). In addition, Gallegos's counsel believed that his testimony could open the door to further damaging information. *See Ex Parte Gallegos* at 124. Therefore, Petitioner cannot meet the prejudice prong of the *Strickland* test either. *See United States v. Harris*, __ F.3d __, 2005 WL 958219 *4 (5th Cir. Apr. 27, 2005).

In his second ground for relief, Petitioner complains that his attorneys denied him the right to take the stand at his trial. Gallegos's attorney stated in his affidavit that it was explained to Petitioner in both English and Spanish that his counsel did not recommend that he take the stand, and that Petitioner acquiesced in this decision. *Ex Parte Gallegos* at 124. By finding this account credible and dispositive of the issues raised as regarded Gallegos's ineffective assistance of counsel claim, the Texas Court of Criminal Appeals implicitly found this statement true. *See id.* at 121, cover. Petitioner has not overcome the presumption of correctness which attaches to state court findings of fact in a federal habeas proceeding. *See* § 2254(e)(1).

In his third ground for relief, Gallegos asserts that he is actually innocent. Petitioner acknowledges that this court is bound by the decisions of the Fifth Circuit, which has held on numerous occasions that a claim of actual innocence is not cognizable on habeas review. *See,*

5

*e.g.*, *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir.1999), *cert. denied* 529 U.S. 1097, 120 S.Ct. 183 (2000).  Petitioner contends that this court should look to the decisions in *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853 (1993) and *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995) rather than to Fifth Circuit precedent.  However, in light of the fact that the Fifth Circuit obviously considered the above cases in rejecting actual innocence as a cognizable claim on habeas review, this court should decline to reject the clear directive of the Fifth Circuit.

**RECOMMENDATION:**

Petitioner has failed to show that he is entitled to relief pursuant to 28 U.S.C. §2254.  Specifically, he has failed to establish that the decision of the Texas Court of Criminal Appeals constituted a decision which met the prerequisites of §2254(d)(1) or (2).  It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for Petitioner and to counsel for Respondent.

**SIGNED** this 13th day of June, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.